EMMA V. BREIDENBACH, complainant-respondent,

*v.*

HARRY J. BREIDENBACH and ELSIE H. HUB, defendants-appellants.

[Submitted May term, 1942. Decided September 18th, 1942.]

*Mr. S. Herman Cohen,* for the complainant-respondent.

*Mr. Alfred J. Grosso (Mr. Alfred C. Clapp,* of counsel), for the defendants-appellants.

PER CURIAM.

This appeal is from an order advised by Vice-Chancellor Egan in dismissing a motion made by appellants which in effect sought a substantial change in the decree theretofore made and which on appeal was approved by this court, *130 N. J. Eq. 214,* for reasons therein stated and otherwise on the opinion of the Vice-Chancellor reported in *128 N. J. Eq. 558.* We think that the dismissal of the motion was right for the reasons stated by the Vice-Chancellor in his opinion reported in *131 N. J. Eq. 356.*

The complainant is entitled to the income for life from certain property under the will of her husband, Rudolph A. Breidenbach, deceased, remainder at her death to the defendants, Harry I. Breidenbach, Walter A. Breidenbach and Elsie H. Hub, her children, all of whom are executors and trustees under their father's will. The bill is for an accounting and

the decree which this court affirmed was that complainant was entitled to the *total net income* from the devised prop-. erty. While the Court of Chancery was proceeding with the accounting and before the completion thereof the motion in question was made on behalf of the defendants purporting to limit the accounting to four per centum per annum from the date of the death of testator on the value of the trust estate. The decree clearly and explicitly holds that "the complainant was entitled to the total net income of the estate under the terms of the will and the terms of the agreement of April 25th, 1932." This court having so decided the parties are concluded not only as to every matter that was offered and received to sustain or defeat the claim or demand, but as to every other admissible matter which might have been offered for that purpose. *Stein* v. *Elizabeth Trust Co., 131 N. J. Eq. 35; In re Walsh's Estate, 80 N. J. Eq. 565;* also compare *Nuzzi* v. *United States Casualty Co., 121 N. J. Law 249; In re McCabe's Estate, 125 N. J. Eq. 278.*

The order dismissing the motion is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.